UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAC DONALD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. EDCV 13-01334-JEM<br><br>MEMORANDUM OPINION AND<br>ORDER AFFIRMING DECISION OF<br>THE COMMISSIONER OF SOCIAL<br>SECURITY |

**PROCEEDINGS**

On August 6, 2013, Robert Mac Donald ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability and Disability Insurance benefits and for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on November 26, 2013. On June 9, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 56-year-old male who applied for Social Security Disability and Disability Insurance benefits and Supplemental Security Income benefits on October 26, 2005, alleging disability beginning April 19, 1995.[1] (AR 27.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 19, 1995, the alleged onset date. (AR 34.)

Plaintiff's claims were denied initially on April 13, 2006 and on reconsideration on December 22, 2006. (AR 27.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Peggy Zirlin on January 28, 2008, in Long Beach, California. (AR 27.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 27.) Vocational expert ("VE") Alan Boroskin also appeared and testified at the hearing. (AR 27.)

The ALJ issued an unfavorable decision on February 27, 2008. (AR 27-51.) The Appeals Council denied review on November 7, 2008 (AR 15-17) and June 11, 2013. (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. The ALJ's hypothetical is indecipherable evading review and does not satisfy the ALJ's burden at step 5.
2. Accepting the vocational advisor's testimony and findings of the ALJ, remand for payment of benefits is warranted.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.

---

[1] Claimant filed prior Titles II and XVI applications on May 10, 2005, with an alleged onset date of April 30, 1995, which were denied at the initial level on June 20, 2005. Thus, the alleged onset date of April 19, 1995 in connection with the current applications is an implied request to reopen the determination on the prior applications.

2

Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether

the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 19, 1995, the alleged onset date. (AR 34.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the cervical and lumbar spine, lumbar spine radiculopathy, left knee strain, and history of alcohol dependency. Claimant does not have a severe mental impairment (20 C.F.R. §§ 404.1520(c) and 416.920(c)). (AR 34.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 34.)

The ALJ then found that Plaintiff has the RFC to perform light exertion work with occasional climbing, frequent balancing, occasional stooping, kneeling, crouching, and crawling, no constant movement of the neck or keeping the neck/head in a fixed position, no constant walking over uneven ground, and the opportunity to change positions after sitting, standing/walking for more than 45 minutes. (AR 34-45.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 44-45.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a retail clerk and security director. (AR 45-46.) The ALJ, however, also found that considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including cashier II and information clerk. (AR 46-50.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 51.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ's hypothetical questions to the VE did not omit any RFC limitations. The VE testified that the cashier II and information

clerk positions were light jobs, not sedentary jobs as asserted by Plaintiff. The ALJ's step five determination that Plaintiff could perform jobs in the national economy based on those jobs was not erroneous. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ'S HYPOTHETICALS TO THE VE INCLUDED ALL RFC LIMITATIONS

Plaintiff contends that the ALJ's hypotheticals to the VE were incomplete and improperly omitted some of the ALJ's own RFC limitations. The ALJ must propound a hypothetical to the VE that is "based on medical assumptions supported by substantial evidence in the record that reflects <u>all</u> of the claimant's limitations." Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001). (Emphasis added.) An ALJ, however, properly may limit a hypothetical to those impairments supported by substantial evidence in the record. Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989).

Here, the ALJ's first hypothetical asked the VE to assume a light work RFC limited to "occasional climbing, frequent balancing, occasional stooping, kneeling, crouching and crawling," supported by a State agency RFC. (AR 90, 459-460.) These limitations track exactly the first portion of the ALJ's RFC assessment:

> **. . .** claimant has the residual functional capacity for <u>light exertion work with occasional climbing, frequent balancing, occasional stooping, kneeling, crouching, and crawling</u>, no constant movement of the neck or keeping the neck/head in a fixed position, no constant walking over uneven ground, and the opportunity to change positions after sitting, standing/walking for more than 45 minutes.

(AR 34, 90 (emphasis added).) The VE testified that, with only the limitations underlined above, Claimant would be able to perform his past relevant work as a retail clerk and security director. (AR 90.)

6

The ALJ then added a sit/stand at will option to her hypothetical. (AR 90.) The VE indicated that with that added limitation Claimant would not be able to perform his past relevant work but would be able to perform other jobs in the national economy, such as cashier II and information clerk. (AR 90-91.) A sit/stand at will option is more restrictive than the ALJ's RFC finding that Plaintiff must have "the opportunity to change positions after sitting; standing/walking for more than 45 minutes." (AR 34.)

The ALJ next added the following limitations to his hypothetical:

> . . . no prolonged maintenance of the head or neck in a fixed position. No prolonged bending, turning, or twisting of the neck. No sitting or weight bearing for more than two hours without changing positions. No prolonged climbing or weight bearing for more than two hours without being able to sit.

(AR 92.) The VE testified that Claimant could perform the same sit/stand option jobs identified above. (AR 93.)

The VE also testified that the neck limitations specified above would not conflict with the neck use required of the sit/stand option jobs. (AR 93.) The VE testified the neck use for those jobs was in "the average range. It wouldn't be repetitive. It wouldn't be continuous. It wouldn't be frequent . . . I would say occasional." (AR 93.) The VE further testified that there would be no need for a fixed position of the neck, only "a matter of rotation, a little bit of flexion," described as occasional. (AR 93.) These limitations are consistent with the ALJ's RFC finding of "no constant movement of the neck or keeping the neck/head in a fixed position." (AR 93.)

The ALJ presented yet another hypothetical to the VE which included the limitation of "[n]o prolonged or repetitive walking over uneven ground." (AR 96.) This is consistent with the ALJ's RFC limitation of "no constant walking over uneven ground." (AR 34.) Thus, all of the limitations in the ALJ's RFC were incorporated in the above hypotheticals.

Nonetheless, Plaintiff contends that none of the ALJ's hypotheticals exactly match the ALJ's RFC. The ALJ's hypotheticals, however, were cumulative and in sum addressed each of the limitations in the ALJ's RFC. Plaintiff cites no authority that the ALJ must present one complete hypothetical question to the VE containing every limitation in the RFC.

Plaintiff then identifies two limitations in the ALJ's RFC that he contends did not exactly match the limitations in the ALJ's hypotheticals. First, the ALJ's RFC specified "no constant movement of the neck or keeping the neck/head in a fixed position" (AR 34), yet two of the hypotheticals contain a limitation of "no prolonged maintenance of the head or neck in a fixed position." (AR 92, 96.) Plaintiff does not explain how "no . . . keeping the neck/head in a fixed position" differs in any meaningful manner from "no prolonged maintenance of the head or neck in a fixed position." Additionally, the VE explained that the sit/stand option jobs he identified did not even involve a fixed position. (AR 93.) The minor difference in wording is harmless error at best. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when inconsequential to the ultimate nondisability determination).

Second, the ALJ's RFC contains a limitation that requires "the opportunity to change positions after sitting, standing/walking for more than 45 minutes." (AR 34.) The hypothetical presented to the VE, however, contains a limitation of "no weight bearing or sitting for more than 45 minutes at a time with the opportunity to change positions for up to 15 minutes according to need." (AR 96.) Once again, Plaintiff does not explain how the two limitations differ in any substantive manner or result in error. Plaintiff notes that the ALJ's RFC limitations do not include the opportunity to change positions for up to 15 minutes (AR 96) as contained in the hypothetical. Yet the ALJ was not required to adopt the 15 minute limitation. Plaintiff presents no evidence that its omission was erroneous. The VE, moreover, testified that even with the 15 minute limitation Plaintiff could perform the sit/stand at will option jobs. (AR 96.) More specifically, the VE testified that an individual could alternate at will between weight bearing and sitting. (AR 96.) Plaintiff

also ignores the earlier hypothetical that assumed a sit/stand at will option (AR 90) that was far more restrictive than an opportunity to change positions every 45 minutes. Any difference in the words contained in the RFC versus the hypothetical is immaterial. Tommasetti, 533 F.3d at 1038.

## II.  THE SIT/STAND JOBS ARE NOT SEDENTARY JOBS

The VE identified two jobs that Plaintiff can perform, cashier II and information clerk (AR 91) that are classified as light work jobs by the Dictionary of Occupational Titles ("DOT"). See DOT 211.462-010 (cashier II); DOT 237.367-018 (information clerk); (AR 91). Plaintiff nonetheless contends that the VE reduced these jobs to sedentary. If true, the ALJ would be required to apply the Grids and find Plaintiff disabled. In support of his position, Plaintiff cites Distasio v. Shalala, 47 F.3d 348, 349-50 (9th Cir. 1995) for the proposition that, when a job is being performed at the sedentary exertion level even though classified as light by the DOT, the sedentary grid rule should be applied.

The two jobs identified by the VE are not sedentary jobs and not designated as sedentary in the DOT. Nor did the VE testify that they are sedentary. The dispute between Plaintiff and the Commissioner is based on the following colloquy at the hearing:

> Q. Exhibit 7F20, Dr. Freeman, another worker's comp doctor, limitation to light work and preclusion from prolonged standing and walking. Would such an individual be able to do the past work, or any of the jobs you named?
>
> A. Once again, I believe the sit/stand option jobs, sedentary jobs.
>
> Q. And the worker's comp statement of no prolonged standing and walking, how are you interpreting that?
>
> A. Basically, as occasional standing and walking, 33% of the day.
>
> Q. And how then can a person do the sit/stand jobs, because those are light in the DOT?

|   |   |
|---|---|
| 1 | A. Because they're light primarily due to the fact that they can be |
| 2 | done sitting or standing. There's little, if any, weight involved. |
| 3 | Q. So they can be done either sitting or standing? |
| 4 | A. Yes, they can. |
| 5 | Q. And so they don't require lifting and carrying up to 20 pounds? |
| 6 | A. Typically not. |
| 7 | Q. And how much typically would they require? |
| 8 | A. Maybe five to six pounds, your honor. |

(AR 94-95.)

Thus, the VE explained that the sit/stand jobs are light "primarily due to the fact that they can be done sitting or standing" and that there is "little, if any, weight involved." (AR 94.) The lifting and carrying is one way that might result in classifying a job as light but the DOT states that "[e]ven though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree." DOT 211.462-010 and 237.367-018. The two jobs specified by the VE were classified as light based on the cumulative amount of walking or standing required, which the VE testified was occasional, 33% of the day. (AR 94.) As the Commissioner notes, if the weight was minimal and the amount of standing and walking was minimal, the DOT would have classified these jobs as sedentary.

Nor did the VE testify that a sit stand option would render the two jobs he identified sedentary. The VE, when asked if an individual could perform past work or the jobs specified with a light work limitation with a preclusion from prolonged standing or walking, answered, "Once again, I believe the sit/stand jobs, sedentary jobs." (AR 94.) The Court believes the VE meant both light work sit/stand jobs and sedentary jobs, not that he was equating the two or saying the sit/stand jobs were sedentary. This interpretation is made clear from an earlier colloquy where the VE, on assuming a sit/stand at will option, identified the cashier II and information clerk jobs which he characterized as light. (AR 90-91.) Then, when asked to assume a limitation to

sedentary work, he identified the full range of sedentary work. (AR 91.) Light work with a preclusion from prolonged standing or walking would permit an individual with those limitations to perform both the light exertion sit/stand jobs and the full range of sedentary jobs. This interpretation also is consistent with the VE's testimony that the sit/stand jobs are light because they involve significant standing and walking.

Thus, Distasio does not apply here. The sit/stand jobs identified by the VE were classified as light by the DOT and the VE testified that they were light jobs because of the amount of standing and walking required. Also, in Distasio the VE in that case testified that the claimant could perform sedentary jobs only. The VE here did not so testify. The sedentary grids do not apply.

The ALJ did not err in determining that Plaintiff could perform other jobs in the national economy, specifically the light jobs of cashier II and information clerk.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: July 3, 2014               */s/ John E. McDermott*
                                                JOHN E. MCDERMOTT
                                                UNITED STATES MAGISTRATE JUDGE